NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0332n.06
Filed: May 11, 2007

No. 06-3253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KENNETH TALMON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| CENTRAL STATES, SOUTHEAST & | ) | |
| SOUTHWEST AREAS PENSION FUND, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:    MARTIN and DAUGHTREY, Circuit Judges; SCHWARZER, District Judge.[*]

PER CURIAM.  Kenneth Talmon appeals the district court's judgment dismissing his claim against Central States Southeast and Southwest Areas Pension Funds (Central States) for a Partial Pension.  Talmon's complaint alleged breach of fiduciary duty and denial of benefits under section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132.[1]  He contended that Central States had incorrectly calculated the number of years of qualifying service to which he

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[1]Talmon also alleged a breach of the collective bargaining agreement by a second defendant, International Brotherhood of Teamsters Truck Drivers Union Local 407, but later voluntarily dismissed that claim.

1

was entitled. Central States moved to dismiss the breach of fiduciary duty claim and for judgment on the administrative record on the benefits claim. The district court, in a well-reasoned opinion, granted both motions, holding that (1) ERISA bars fiduciary duty claims on behalf of a participant suing for individual benefits, and (2) on the administrative record, Central States' denial of benefits was not arbitrary and capricious. We adopt the district court's opinion and affirm.

In his appeal Talmon does not challenge the dismissal of his fiduciary breach claim. His principal argument in this court is that the district court used the wrong standard in deciding the motion for judgment on the administrative record and should have reviewed the trustees' decision to deny benefits de novo rather than under the "arbitrary and capricious" standard. As the district court correctly observed, the appropriate standard of review in ERISA cases depends on the terms of the plan in question. "[U]nless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the decision of the administrator is reviewed de novo. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "If the plan gives such discretionary authority, [the court] reviews the administrator's decision to deny benefits using the highly deferential arbitrary and capricious standard of review." *Darland v. Fortis Benefits Ins. Co.*, 317 F.3d 516, 527 (6th Cir. 2003) (internal quotation omitted). Both parties agree that the district court may only consider the evidence that was before the plan administrator at the time of the original decision. *See, e.g.*, *Perry v. Simplicity Eng.*, 900 F.2d 963, 967 (6th Cir. 1990) ("The de novo standard of review, like the . . . arbitrary and capricious standard, does not mandate or permit the consideration of evidence not presented to the administrator.").

Talmon offers no legal or factual support for his contention that the district court or this court should review the administrator's decision de novo. His only argument as to *why* that standard

2

should be used is that applying the arbitrary and capricious standard "results in [an] unjust and inequitable decision." Under the terms of Central States' Trust Agreement, "[t]he Trustees are vested with discretionary and final authority in making all such decisions, including Trustee decisions upon claims for benefits by . . . claimants, and including Trustee decisions construing plan documents of the Pension Fund." The district court therefore correctly applied the arbitrary and capricious standard.

"Under [the] deferential 'arbitrary and capricious' standard, [the court] will uphold a benefit determination if it is rational in light of the plan's provisions." *Darland v. Fortis Benefits Ins. Co.*, 317 F.3d 516, 527 (6th Cir. 2003) (internal quotation omitted). "[W]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.* (internal quotation omitted).

In support of his claim for a Partial Pension, Talmon contended that Local 293 incorrectly recorded his credit for 1967 to 1969 and charged him with a break in service in 1968, and that he was entitled to work for Illinois California Express (ICX) (and therefore earn credit) from 1980 to 1985. Based on the undisputed fact that Talmon left covered service no later than 1985, the Central States Trustees concluded that even if he had established full years of contributions from 1980 through July 1984 (when ICX went bankrupt) and full years of credit under Local 293's Pension Fund from 1967 to1969, he still would not have established the thirty years of Combined Credited Service (required when a participant leaves covered employment before age fifty) to qualify for a Partial Pension.

The Trustees' determination that Talmon was ineligible for a Partial Pension was rational and supported by the evidence. Even if Talmon were awarded credit for all the years in dispute, he would still fall far short of the requisite thirty years of credited service for a Partial Pension.

3

The district court ably summarized the relevant evidence and correctly identified the applicable law. Given that treatment of the plaintiff's claims, the issuance of a full written opinion by this court would be duplicative and serve no precedential purpose. We therefore AFFIRM the judgment of the district court on the reasoning set forth in that court's opinion and order filed January 6, 2006.